George Haines, Esq.  E-FILED: September 11, 2009
Nevada Bar No. 9411
David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
1020 Garces Ave.
Las Vegas, NV 89101
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: info@hainesandkrieger.com
Attorney for Vladimir Pourett & Marcel Montes

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | Case No. BKS-09-20930-MKN<br>Chapter 13 |
| **Vladimir Pourett & Marcel Montes**, | Hearing Date: September 30, 2009<br>Hearing Time: 1:30 PM |
| Debtor(s). | |

**DEBTORS' OPPOSITION TO MOTION FOR
RELIEF FROM AUTOMATIC STAY AND/OR REQUEST FOR RENOTICING
UNDER NRS 107.080 (AS REQUIRED UNDER NEVADA ASSEMBLY BILL 149
EFFECTIVE JULY 1, 2009)**

COME NOW, Vladimir Pourett & Marcel Montes, by and through attorney, David Krieger, Esq., of the LAW OFFICES OF HAINES & KRIEGER, LLC, and in response to **US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSR MORTGAGE LOAN TRUST 2005-AR3's** ("Creditor") Motion for Relief from Automatic Stay states as follows:

1. On June 23, 2009, Debtor filed the current Chapter 13 Petition in Bankruptcy with the Court.

2. On or about September 01, 2009, Creditor filed a Motion for Relief from the Automatic Stay.

3. Debtor's Plan disclosed that the Debtors are presently negotiating a loan modification with this Creditor (see *Debtors' Chapter 13 Plan*, attached hereto as Exhibit "1").

4. Debtors' Chapter 13 Plan sets aside "adequate protection" payments pursuant to 11 U.S.C. Section 361 and 11 U.S.C. Section 362 to protect this creditor's interests while the Debtors negotiate a loan modification with this Creditor-Lender.

5. Further, the underlying property is integral to the Debtors' Chapter 13 Plan and is necessary to effect a reorganization.

6. Accordingly, no cause exists under 11 U.S.C. Section 362(d) to lift the automatic stay.

7. Alternatively, the Court should either dismiss Creditor's motion or continue the instant motion for a sufficient time to allow debtors and creditor to complete the loan modification process.

8. In the event this Court is inclined to grant secured creditor's request for relief from the automatic stay, the debtors request that Your Honor require Secured Creditor to renotice any pending foreclosure action under NRS 107.080 (as revised by Nevada Assembly Bill 149, effective July 1, 2009) by this Creditor to the extent applicable.

9. Pursuant to NRS 107.082 if a foreclosure "sale has been postponed by oral proclamation three times, any new sale information must be provided by notice as provided in NRS 107.080." NRS 107.080 (as revised by Nevada Assembly Bill 149 effective July 1, 2009) requires Secured Creditor to provide debtors a notice of election to enter into court mandated mediation.

WHEREFORE, Debtors request:

1. US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSR MORTGAGE LOAN TRUST 2005-AR3's Motion be denied or, in the alternative, that Creditor's motion be continued for a sufficient amount of time to permit Debtors and Creditor to enter into a loan modification agreement; and/or

2. In the event Your Honor grants relief from stay, that Secured Creditor be required to renotice its foreclosure proceeding pursuant to Revised NRS 107.080 (as effective through Nevada AB 149, July 1, 2009), thus providing the Debtors an opportunity to elect court mandated mediation in State Court.

3. Such other relief as the Court finds appropriate.

Dated: September 11, 2009

/s/ David Krieger, Esq.
**Attorney for Debtor(s)**

### CERTIFICATE OF MAILING RE: DEBTORS' OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

I hereby certify that on September 11, 2009, I mailed a true and correct copy, first class mail, postage prepaid, of the above listed document to the following:

/s/George Haines, Esq.
Attorney for Debtors

Gregory Wilde
208 S. Jones Blvd
Las Vegas, NV 89107

- 3 -